[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF ARTICULATION CT Page 1859
The defendant filed a motion for articulation dated February 14, 1994. In response, the Court states:
Question 1. The Court ordered alimony at the rate of One Thousand ($1,000) per week until the defendant husband reaches the age of sixty-five (65). At sixty-five (65), the alimony payment will be lowered to Five Hundred ($500) Dollars per week. The Court ordered that alimony be non-modifiable as to term only, but shall terminate upon the remarriage of the plaintiff or upon the death of either party. In particular what is meant by the order of non-modifiability?
Answer: The alimony payments will terminate the death of either party or the remarriage of the plaintiff. As long as the alimony remains in effect (not terminated) it is non-modifiable as to the term but modifiable as to amount.
Question 2. As part of this decision, the Court includes the land costs of the landfill and excluded the projected costs of closing the operation if and until that becomes necessary. If the landfill does incur costs to close it down that are verified by MB Associates' accountants, then 38% of those specific costs shall be deducted from the property settlement owed to the defendant on the pro-rata basis of twelve years. In particular, what is meant by "costs verified by MB Associates' accountants" and what is meant by "deducted from the property settlement pro-rata"?
Answer: 38% of costs specifically attributed to the closing of the landfill, minus any income generated, shall be deducted from the following years payment up to the maximum of $61,958. The costs must be sent to the plaintiff and verified by oath by the defendant and accepted by their accountants and must be reflected in corresponding amounts on statements submitted to the government for tax purposes.
Question 3. The Court further ordered the defendant to use his stock ownership in Manafort Brothers, Inc. as security for the property settlement of $743,500 to be paid by the defendant at the rate of $61,958 with interest of 4% on the unpaid balance. This stock is presently under garnishment by Fleet Bank and is security for the bonding company. In CT Page 1860 particular, is it understood that the plaintiff's security position will be subject to the present business restrictions on said stock?
Answer: Yes.
Question 4. The parties are ordered to exchange each year their federal and state income tax filings. The defendant shall provide copies of his 1040, 1041, 1065 and any other corporate income tax filing statements connected with the business. On March 11, 1992, and repeated on June 23, 1992, orders were entered by Judge Jonathan Kaplan to the effect that all information regarding the Manafort entities is to be kept confidential and not to be used in any proceedings, other than in the divorce action and not to be communicated to anyone not directly involved in the divorce proceedings. In particular, does the court continue the same orders of privacy and secrecy as were in effect while the case was pending?
Answer: Yes.
Norko, J.